RANSOM v. ERDT.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

In an action on a note on an application for a change of venue from New York to Onondaga county for convenience of witnesses, defendant stated in his affidavit that he could show by five witnesses living in Onondaga county that the note was given for a gambling debt, and plaintiff stated that he could establish his claim by two witnesses in New York. Held, that the motion should have been granted.

Appeal from special term, New York county.

Action by Frank Ransom against Louis Erdt. From an order denying a motion for a change of venue, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. Walters, for appellant.
W. N. O'Neill, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion to change the place of trial in an action brought upon a promissory note. The application for change of venue was made for the convenience of witnesses. The answer admits the making of the promissory note, but sets up that it was given in consideration of and settlement for losses sustained by the defendant in playing cards; or, in other words, that it was given for a gambling debt. The plaintiff claims that the note was given for money loaned to the defendant. The defendant, in the affidavit upon which the motion is based, says that a certain Mr. Wheeler, who was an agent and partner of the plaintiff, went to Syracuse with a check which Erdt had given in New

York for a gambling debt to the plaintiff, which check had not been paid. In Syracuse Wheeler had a conversation with one Neeley, in the presence of the defendant, and he (Wheeler) stated that he was a partner, and authorized by the plaintiff to see the defendant in order to settle the matter of payment of the check, and Wheeler told Neeley that the check had not been paid, and that he (Wheeler) wanted the defendant to give a note, payable to the plaintiff within 60 days, for $430, to cover the defendant's losses at gaming; that Neeley knew that the note was given in payment of the defendant's losses, and the defendant was induced to make a note to the order of Neeley for $430, and Neeley transferred that note to the plaintiff. The defendant says that he needs the testimony on the trial of one Morris, living at Baldwinsville, Onondaga county; Nichols, living at the same place; McMullen, living at the same place; Neeley, residing at Syracuse; McElligott, residing at Syracuse,—and that he can prove by such witnesses the facts necessary for his defense: First, by Morris, that in November, 1901, the plaintiff, the defendant, Neeley, Nichols, and McElligott, Kelly, and another person, unknown, were for some days engaged in playing cards in New York, and that, therefore, the plaintiff and the defendant had an accounting and settlement, by which it was found that the defendant had lost $430, and that another one of the gaming party had lost $237, and that thereupon the defendant gave his check upon a bank in Baldwinsville for $667, and that Morris had a conversation with the plaintiff, in which conversation the plaintiff stated that Wheeler was his partner, and that Wheeler at divers times engaged with the parties, in the presence of the plaintiff, in the games of cards referred to. The same facts by Nichols and by McElligott. Those three witnesses would, therefore, testify to the origin and the nature of the indebtedness for which the note was given. The defendant also can prove by Neeley, who lives at Syracuse, the same facts, and that Wheeler went to Syracuse, and had a conversation with Neeley and the defendant, above referred to, and that the note was made, indorsed, and delivered as claimed by the defendant, and that Neeley knew that the note was given in payment of gaming losses, and that Neeley never received any value or compensation for the indorsement of the note, and that the defendant never was indebted to Neeley, and that the plaintiff never made any demand whatsoever upon him. Also the defendant expected to prove by McMullen, cashier of the bank, that the check was not paid when presented. In answer the plaintiff states that he has two witnesses in New York,—one by the name of Wheeler, and the other by the name of Bruzie; and he expects to prove by them that the note was given for money loaned by the plaintiff to the defendant. This Wheeler is the same man who is stated by the defendant to be a partner of the plaintiff. Who Bruzie is does not particularly appear. The plaintiff's claim is that the venue should not be changed, because the convenience of these two witnesses here is of as much consequence as the defendant's witnesses in Onondaga county. The plaintiff counts the witnesses of the plaintiff as only one, but it is evident that corroborating testimony is to be given on trial of the cause.

We think it is quite clear that for the convenience of witnesses the

place of trial should be changed. The note was given in Syracuse, and the action is upon the note, and while, ordinarily, we do not interfere with the exercise of the discretion of the court at special term, this seems to be a case in which the order should be reversed, and the motion for a change of venue granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.